UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                          Chapter 11

EASTGATE WHITEHOUSE LLC,                          Case No. 22- 22635 (SHL)

                                    Debtor.
-----------------------------------------------------------X

## DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

Eastgate Whitehouse LLC, the debtor and debtor in possession (the "Debtor")

seeks the entry of an order pursuant to sections 327(a) and 1107 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") authorizing the Debtor's retention and employment of Shafferman &

Feldman LLP ("S&F") to provide legal services in connection with this case.  In support thereof,

the Debtor states:

### SUMMARY OF REQUESTED RELIEF

1.      As set forth in more detail herein, this application seeks approval of the

Debtor's retention of S&F as its general counsel to represent the Debtor and assist it in carrying

out its duties as a debtor in possession under Chapter 11 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.      Jurisdiction over this application is vested in the United States District Court for this District pursuant to sections 1334 of title 28 of the United States Code (the "Judicial Code").

3.      This motion has been referred to this Court for consideration pursuant to section 157 of the Judicial Code and the *Standing Order of Referral of Cases to Bankruptcy Judges* (E.D.N.Y. December 5, 2012) (Bagley Amon, C.J.).

4.      This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §157(b)(1).  The statutory predicates for the relief sought herein are sections 327 and 1107 of the Bankruptcy Code.

5.      Venue of this motion in this district is proper pursuant to section 1409 of the Judicial Code.

## BACKGROUND

6.      On October 19, 2021 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code with this Court.  The Debtor has continued to manage and operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee of creditors, trustee or examiner has been appointed.

## RELIEF REQUESTED

7.      The Debtor seeks authorization to retain S&F as its counsel to represent the Debtor in this case and assist it in carrying out its duties as a debtor-in-possession under Chapter 11 of the Bankruptcy Code.

## THE NEED FOR S&F

8.      The Debtor will need a firm with specific expertise in Chapter 11 reorganizations to guide it through the intricacies of the Chapter 11 process.  Joel M. Shafferman, a member of S&F, has successfully shepherded numerous debtors through Chapter 11 reorganizations and the Debtor believes that S&F is well qualified to represent it in this case.

**Services to be Rendered During this Case**

9.      The professional services to be rendered by S&F in this case shall include, but shall not be limited to:

(a)     providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its property;

(b)     negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

(c)     appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

(d)     preparing on the Debtor's behalf Debtor necessary applications, motions answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

(e)     appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court; and

(f)     performing all other legal services for the Debtor that may be necessary herein.

**Fees**

10.    In return for providing the above-referenced services, S&F will receive its customary fees, subject to the submission of appropriate applications and the approval of this Court.

11.    The Debtor believes that the compensation to be paid to S&F is appropriate and reasonable in view of the size of the Debtor's operations, the amount of work which may be required and the compensation customarily paid for services of this kind.

**Disinterestedness**

12.    The Debtor believes that S&F is a "disinterested person" as that term is defined by the Bankruptcy Code.  S&F represents no interest materially adverse to the Debtor, its estate, its creditors, or its equity holders.  To the best of the Debtor's knowledge, information and belief, S&F has no connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

<strong>BASIS FOR THE REQUESTED RETENTION</strong>

13.    Section 327(a) of the Bankruptcy Code provides that a debtor, with the court's approval, may employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent or assist the debtor in carrying out its duties under the Bankruptcy Code.  11 U.S.C. § 327(a).

4

<u>CONCLUSION</u>

14.     The Debtor submits that for the reasons set forth above, its retention of
S&F is essential to its successful reorganization.  Accordingly, the Debtor submits that it is in the
best interest of the Debtor, its estate and its creditors for the Debtor to be authorized to retain
S&F.

15.     No prior application for the relief requested herein has been made to this
or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, a
copy of (i) approving its retention of S&F effective as of the Petition Date on the terms and
conditions set forth herein and in the annexed affidavit and (ii) granting such other and further
relief as is just and proper.

**DATED:**     August 22, 2022
        Rye, New York

                                                /S/ William W. Koeppel_____
                                                William W. Koeppel, the Member
                                                of Whitehouse Estates, Inc.,
                                                Member of Eastgate Whitehouse, LLC