Douglas J. Pick, Esq.                                                     **Hearing Date: November 3, 2022**
Eric C. Zabicki, Esq.                                                      Time: 10:00 a.m.
**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

*Counsel to Kathryn Casey, Laurie Cagnassola,*
*Gerald Cohen, Betty Furr, Francesca Gagliano,*
*Carolyn Klein, Joseph Morgan, Richard Rose,*
*Jessica Saks and Kirk Swanson, on behalf of*
*themselves and all others similarly situated*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                 Chapter 11
EASTGATE WHITEHOUSE LLC,                     Case No. 22-22635 (SHL)

                         Debtor.
------------------------------------------------------x

## NOTICE OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TENANT ACTION PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

**PLEASE TAKE NOTICE** that, upon the annexed motion, dated October 12, 2022, and the exhibits annexed thereto, Kathryn Casey, Laurie Cagnassola, Gerald Cohen, Betty Furr, Francesca Gagliano, Carolyn Klein, Joseph Morgan, Richard Rose, Jessica Saks and Kirk Swanson, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, will move this court before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on November 3, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, for entry of an Order, pursuant to 11 U.S.C. § 105(a) and Rules 7023 and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Tenant Action Plaintiffs to file an unliquidated class proof of claim in this case, on behalf of themselves and all others similarly situated, and such other and further relief as may be just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for United States Bankruptcy Court for the Southern District of New York, (iii) set forth the name of the objecting party, the nature and amount of any claim or interest held or asserted against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, (iv) be filed with the Court with a copy to the chambers of Honorable Sean H. Lane, together with proof of service thereof, and (v) be served in a manner so as to be received by Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, not less than seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion shall take place virtually via *Zoom for Government*. All attorneys and parties wishing to appear at the virtual hearing must register their appearance by utilizing the Court's *eCourt Appearances* tool located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl). Case participants must check in to confirm their appearance no later than 4:00 p.m., one business day prior to the scheduled virtual hearing date. Attorneys seeking to participate must be admitted to the Court or admitted pro hac vice. (*See* Local Rule 2090-1).

Dated: New York, New York
      October 12, 2022

                                                PICK & ZABICKI LLP

                                         By: _____
                                                   Douglas J. Pick, Esq.
                                                   369 Lexington Avenue, 12th Floor
                                                   New York, New York 10017
                                                   (212) 695-6000

                                                   *Counsel to Kathryn Casey, Laurie Cagnassola, Gerald Cohen, Betty Furr, Francesca Gagliano, Carolyn Klein, Joseph Morgan, Richard Rose, Jessica Saks and Kirk Swanson, on behalf of themselves and all others similarly situated*

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

*Counsel to Kathryn Casey, Laurie Cagnassola,*
*Gerald Cohen, Betty Furr, Francesca Gagliano,*
*Carolyn Klein, Joseph Morgan, Richard Rose,*
*Jessica Saks and Kirk Swanson, on behalf of*
*themselves and all others similarly situated*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                              Chapter 11
EASTGATE WHITEHOUSE LLC,                              Case No. 22-22635 (SHL)

                            Debtor.
-----------------------------------------------------------x

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TENANT ACTION PLAINTIFFS TO FILE A CLASS PROOF OF CLAIM ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Kathryn Casey, Laurie Cagnassola, Gerald Cohen, Betty Furr, Francesca Gagliano, Carolyn Klein, Joseph Morgan, Richard Rose, Jessica Saks and Kirk Swanson, on behalf of themselves and all others similarly situated (collectively, the "Tenant Action Plaintiffs"), by and through their undersigned counsel, as and for their motion (the "Motion") for entry of an Order, pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7023 and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Tenant Action Plaintiffs to file an unliquidated class proof of claim in this case, on behalf of themselves and all others similarly situated, and in substantially the same form as

attached hereto as *Exhibit "A"* (the "Tenant Class Claim"), respectfully represent and allege as follows:

## BACKGROUND

1. In 2011, Whitehouse Estates, Inc. ("Whitehouse Estates") was the landlord-net lessee of the premises located at 350 East 52nd Street a/k/a 939 First Avenue, New York, New York 10022 (the "Rental Apartment Building").

2. On October 14, 2011, several tenants residing at the Rental Apartment Building commenced an action in the Supreme Court of the State of New York, County of New York (the "State Supreme Court"), entitled *Kathryn Casey, et al. v. Whitehouse Estates, Inc., et al.*, Index No. 111723/2011 (the "Tenant Action"), seeking to recover monetary damages for rent overcharges in violation of the New York City Rent Stabilization Law and lease reformations.[1] A copy of the Complaint filed in the Tenant Action is attached to the Tenant Class Claim as *Exhibit "A"*. By Order entered on August 6, 2012, a copy of which is attached to the Tenant Class Claim as *Exhibit "B"*, the Tenant Action was certified as a "Class Action." The Tenant Action Plaintiffs believe that as many as 300 existing and former tenants of the Rental Apartment Building (reflective of the tenants of 78 apartments dating back to 2007) qualify as members of the class.[2]

3. After the commencement of the Tenant Action, and by an assignment and assumption agreement dated September 24, 2014, the ground lease ("Ground Lease") for the Rental Apartment Building was assigned to Eastgate Whitehouse LLC, the debtor herein (the

---

[1] The Tenant Action was brought in the wake of *Roberts v. Tishman Speyer Properties*, 13 N.Y.3d 270 (2009), in which the New York State Court of Appeals held that high rent vacancy deregulations and high rent high income deregulated to not apply in buildings where the landlord receives J-51 tax benefits, even if the building was subject to rent stabilization prior to the landlord's receipt of J-51 benefits, or even if the units were rent stabilized for another reason in addition to the landlord's receipt of J-51 benefits.

[2] Although the Tenant Action Claim has not yet been liquidated, the total due to the class may total approximately $35 million to date, plus attorneys' fees owed to counsel to the Tenant Action Plaintiffs.

2

"Debtor"). William W. Koeppel, who was the President of Whitehouse Estates, was designated as the Managing Member of the Debtor ("Mr. Koeppel").

4. On May 2, 2014, the State Supreme Court issued an Order, on the record, directing the tenants of the Rental Apartment Building to pay use and occupancy "in whatever [amount] their last expired lease was when this action was commenced."

5. On December 8, 2015, and after the completion of all discovery, the Tenant Action Plaintiffs filed a motion for summary judgment as part of which the Tenant Action Plaintiffs had requested that the State Supreme Court find "Plaintiffs' legal rents are [sic] to be calculated pursuant to [a] default formula, finding that (the Tenant Action) Plaintiffs' rents should be frozen due to Defendants' [inclusive of Whitestone Estates, Mr. Koeppel, and the Debtor] failure to properly register their apartments, and calculating the amount of refund due to each Plaintiff and each Plaintiff class member."

6. On February 26, 2016, the collective Defendants in the Tenant Action (the "Defendants") filed a cross-motion in support of an order to determine the fair and reasonable use and occupancy, to specify the Defendants' remedies for tenant class members who have not paid use and occupancy, and to grant use and occupancy for the remainder of the Tenant Action.

7. By Decision and Order dated March 28, 2017, the Tenant Action Plaintiffs' motion for summary judgment was granted. The Tenant Action was referred to a Special Referee charged with the computation of damages and a determination of the Tenant Action Plaintiffs' legal regulated rent.

8. More specifically, the March 28, 2017 Decision and Order granting the Tenant Action Plaintiffs' summary judgment motion provided as follows:

> In conclusion, the court has determined that (1) plaintiffs are entitled to partial summary judgment on their first cause of

3

action, to the extent of awarding them the two proposed declarations set forth in their complaint; (2) this matter shall be submitted to a Special Referee on the issues of (a) calculating both the base rent dates and legally regulated (rent-stabilized) rents for each plaintiffs' apartments, utilizing the DHCR's default formula; and (b) identifying how much use and occupancy, if any, each plaintiff has paid to date and how much was actually due; (3) that defendants' cross motion shall be denied; and (4) that the proposed intervenors' order to show cause shall be granted to the extent of (a) enjoining defendants from proceeding any further against them in the Housing Court holdover proceeding that bears L&T Index Number 78632/15; and (b) granting the proposed intervenors leave to intervene in this action.

The court now also directs that the Special Referee shall make base date, legal rent, and U&O payment calculations regarding the proposed intervenor plaintiffs, along with the other class-member plaintiffs. The court additionally directs that when plaintiffs submit their motion to confirm the Special Referee's report, they shall annex an amended complaint that names Eastgate as a defendant; that the caption shall name the proposed intervenors, along with the other class member plaintiffs; and that plaintiffs shall include with that motion a request for summary judgment on the balance of their first cause of action – i.e., an order enjoining defendants immediately to issue rent-stabilized leases to all plaintiffs that reflect the maximum legal rents, as determined by the special Referee's calculations. The court further directs that when defendants submit their motion to confirm or deny the Special Referee's report, it shall include a request that the court issue an order requiring those plaintiffs who have not paid any use and occupancy to post a bond, equal to the amount of use and occupancy specified in Justice Singh's May 21, 2014 order, within 20 days after service of a copy of the court's decision on that motion with notice of entry. As previously was indicated, defendants may thereafter commence an action for ejectment against any plaintiff who fails to post such a bond and request that that action be referred to this court. After the forthcoming motion to confirm is decided, plaintiffs shall then be free to seek summary judgment on the balance of their complaint – i.e., the entry of money judgments for rent overcharges and legal fees, if any. The court is mindful that, to fix those amounts, another round of calculations by a Special

4

Referee may be required. This is regrettable, but necessary, to afford the parties full and complete relief in this action.[3]

9. Following the entry of the March 28, 2017 Decision and Order, the Tenant Action Plaintiffs' attorneys issued a *Subpoena Duces Tecum* directing the Debtor, among others, to produce the records required for the Special Referee to prepare the report on the legal rent to be paid by each Tenant Action Plaintiff.

10. The Defendants, including Mr. Koeppel individually, filed a Notice of Appeal from the March 28, 2017 Decision and Order to the Appellate Division.

11. On June 12, 2017, the Debtor, along with Whitehouse Estates and Mr. Koeppel, commenced a Third-Party Action sounding in indemnity against Roberta L. Koeppel and Alexandra Koeppel as Executors and Trustees of the Trust created under Article Fourth of the Last Will of Robert A. Koeppel, Koeppel Management Company LLC, and Roberta L. Koeppel individually. Thereafter, the Third-Party Plaintiffs also filed a Notice of Appeal of the March 28, 2017 Decision and Order

12. After considerable delays, and on or about May 15, 2018, the Debtor finally produced the documents demanded by the Tenant Action Plaintiffs. The documents were extremely voluminous and were provided in electronic form. They consisted of the rental records for seventy-eight (78) apartments at the Rental Apartment Building for the period October 2007 to approximately July 2017. *No documents were received covering the period August 2017 to date.*

---

[3] Also, in its Decision and Order, the State Supreme Court stated that the calculation of the amount of the overcharge due to each Tenant Action Plaintiff would be the subject of a future referral to a Special Referee, after the legal rental amounts had been determined. Further, the State Supreme Court added the Debtor, the assignee of the Ground Lease from Whitehouse Estates, as an additional Defendant.

5

13. The Tenant Action Plaintiffs retained an expert, Richard A. Martinez, who reviewed these voluminous records. He calculated the legal rent for each tenant pursuant to the Division of Housing and Community Renewal's default formula, as well as the amount of the overcharge for each tenant through July 31, 2017 net of payments reported by the landlord. The Tenant Action Plaintiffs' counsel conveyed this information to the Defendants' counsel in February of 2019.

14. On May 16, 2019, the Appellate Division issued an Order granting the Defendants/Third-Party Plaintiffs until the October 2019 Term to perfect their appeal. Thereafter and on December 19, 2019, a second Order was signed further extending the Defendants'/Third-Party Plaintiffs' time to perfect their appeal to the June, 2020 Term.

15. In the interim and on June 26, 2018, Mr. Koeppel filed a voluntary chapter 11 petition with this Court and an Order for relief was entered. (*See* In re William W. Koeppel, Case No. 18-22984 (RDD)). On September 5, 2018, a "Suggestion of Bankruptcy" was filed in the Tenant Action, advising the State Supreme Court that Mr. Koeppel had commenced a chapter 11 case and that, as a result, the Tenant Action was automatically stayed pursuant to the Bankruptcy Code.

16. On November 20, 2019, the Tenant Action Plaintiffs filed a motion in Mr. Koeppel's chapter 11 case seeking to vacate the automatic stay so as to allow the Tenant Action Plaintiffs to return to the State Supreme Court to obtain a determination of damages from the Special Referee appointed by the State Supreme Court for that purpose.

17. On January 29, 2020, a Stipulation and Order was entered pursuant to which, among other things, the automatic stay arising in Mr. Koeppel's chapter 11 case was "modified to the extent of permitting the parties to litigate the (Tenant) Action on the terms set

forth herein without prejudice to any of their respective claims, defenses, rights and remedies, all of which are expressly reserved." On October 28, 2021 this Court signed an Order granting the Final Decree in Mr. Koeppel's Chapter 11 case and on January 20, 2021 Mr. Koeppel's Chapter 11 case was closed.[4]

18. In August 2021, the Appellate Division affirmed the State Supreme Court's March 28, 2017 Decision and Order granting the Tenant Action Plaintiffs' summary judgment motion. A motion for leave to further appeal to the Court of Appeals made by the Defendants was granted with respect to the following certified question of law: "Was the order of this Court, which affirmed the order of the Supreme Court, properly made?" The appeal was subsequently fully briefed and the parties are awaiting a date for oral argument from the Court of Appeals.

19. On November 15, 2021, the State Supreme Court issued a Decision and Order directing the Defendants to, among other things, provide to the Tenant Action Plaintiffs (by December 1, 2021) "all records relating to the calculation of overcharges from August 1, 2017, to date." The Defendants have appealed to the Appellate Division from the November 15, 2021 Decision and Order and have moved for extensions of time to perfect said appeal.[5]

20. On May 25, 2022, an action was commenced in the United States District Court for the Southern District of New York (the "District Court") entitled *Wilmington Trust, National Association, as Trustee for the Benefits of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 20 v. Eastgate Whitehouse LLC, et al.*, Case No. 22-cv-04326-VEC, seeking to foreclose a

---

[4] On March 24, 2022 the Chapter 11 case was reopened by Court Order for the limited purpose of addressing and allowing the claim of a secured creditor.
[5] The Defendants have also appealed to the Appellate Division, First Department, from an Order of the State Supreme Court dated April 13, 2021 reducing the interim rent the tenants are required to pay. The Defendants have similarly moved for extensions of time to perfect said appeal.

7

mortgage lien against the Rental Apartment Building (the "Foreclosure Action"). A hearing with respect to the mortgagor-plaintiff's Order to Show Cause for the Appointment of a Receiver was initially rescheduled to be heard on July 29, 2022, but was rescheduled to be heard before the District Court on August 24, 2022 based on then pending settlement discussions.

21.   On August 19, 2022 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition with this Court and an Order for relief was entered. On August 22, 2022 and August 26, 2022, the Debtor filed a "Notice of Bankruptcy" with both the District Court and the Appellate Division, respectively, thereby staying further proceedings in both the Tenant Action and the Foreclosure Action.

22.   On August 30, 2022, the Tenant Action Plaintiffs filed a motion seeking the entry of an Order, pursuant to § 362(d)(1) of the Bankruptcy Code, vacating the automatic stay arising in this case so as to permit: (a) the continuation of the Tenant Action, including a determination of damages from the Special Referee appointed to calculate such damages and to obtain a determination of legal regulated rent; and (b) the hearing and determination of the appeals arising in the Tenant Action pending before the New York State Court of Appeals and the Appellate Division. A hearing in connection with said motion is presently scheduled to be held on October 19, 2022.

23.   Counsel to the Tenant Action Plaintiffs subsequently learned that, in early September 2022, the Debtor had (unilaterally and without explanation or authorization from this Court) issued rent credits with respect to the more than seventy (70) apartments within the Rental Apartment Building affected by the Tenant Action. Based on information obtained by counsel to the Tenant Action Plaintiffs from the affected tenants, it is believed that the Debtor may have issued a total of approximately $1,200,000 to $1,500,000 (or more) in rent credits against pre-

Petition rents. The rents credits were generally in the amounts of $20,000 to $30,000 (or more) per affected apartment.

24. Counsel to the Tenant Action Plaintiffs subsequently contacted the Debtor's counsel and advised that they were unable to connect the recently issued rent credits to any of the State Supreme Court's Orders in effect with respect to the Tenant Action nor do they know who determined the amounts of the rent credits how the amounts were determined and, accordingly, requested that the Debtor provide a list of tenants who received rent credits, the amounts thereof, and the reasons therefor. However, as of the date hereof, the Debtor has refused to provide any information or documents with respect to the rent credits.

25. On October 11, 2022, the Tenant Action Plaintiffs filed a motion seeking the entry of an Order, pursuant to Bankruptcy Rule 2004, authorizing the Tenant Action Plaintiffs to issue a subpoena to the Debtor: (a) directing the production, for inspection and copying, of documents relating to the acts, conduct, property liabilities and/or financial condition of the Debtor and/or any other matters which may affect the administration of the Debtor's estate, and (b) directing the Debtor's appearance and submission to an oral examination to be taken under oath. A hearing in connection with said motion is presently scheduled to be held on November 3, 2022.

26. In the interim, on October 7, 2022, an Order was entered by this Court setting November 14, 2022 as the last date for creditors to file proofs of claim on account of pre-Petition Date obligations of the Debtor. The Tenant Action Plaintiffs wish to file the Tenant Class Claim in this case with respect to the Debtor's obligations as alleged in the Tenant Action thereby reserving such claims pending liquidation thereof in the Tenant Action once relief from the automatic stay has been granted. Accordingly, the Debtor brings the instant Motion.

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1409. The statutory predicate for the relief sought herein is Bankruptcy Rules 2004 and 9016.

## DISCUSSION

28. There is no dispute that a class claim can be filed in a bankruptcy proceeding, however the right to do so is not absolute. *See, e.g., In re Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007); *In re Major Model Mgmnt., Inc.*, 641 B.R. 302 (Bankr. S.D.N.Y. 2022) ("Class proofs of claim in bankruptcy cases are an exception to the normal procedures in bankruptcy cases that require individual creditors to file separate proofs of claim…Bankruptcy courts retain discretion to permit class proofs of claim pursuant to Rule 7023. But applying Rule 7023 to permit class proofs of claim is not absolute."). Consideration of a request for authority to file a class proof claim pursuant to Bankruptcy Rule 7023 (which incorporates Rule 23 of the Federal Rules of Civil Procedure by reference) involves a two-step process: first, the court must exercise its discretion whether to apply Rule 23 to the proposed class claim; and second, the court must determine whether the proposed class claim satisfies the requirements of Rule 23 for class certification. *See, e.g., In re MF Global, Inc.*, 512 B.R. 646, 763 (Bankr. S.D.N.Y. 2014). In addressing the second step, "[t]he party seeking class certification must satisfy the four requirements under Federal Civil Rule 23(a), and one of the subparagraphs of Rule 23(b)." *Musicland*, 362 B.R. at 652.

29. As Chief Judge Martin Glenn discussed in *Major Model Mgmnt.* with regard to the first "step" of the analysis:

> Several factors (the "*Musicland Factors*") inform a court's decision whether to extend the application of Rule 23 to a proof of claim, including "(1) whether the class was certified pre-petition; (2) whether the members of the putative class received notice of the bar date; and (3) whether class certification will adversely affect the administration of the estate." [*Musicland*, 362 B.R. 644] at 654-55 (citations omitted). Some courts have focused on the first two factors only - *i.e.*, prepetition certification and notice of the bar date. *See, e.g., In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. [616, 620 (Bankr. S.D.N.Y. 2009)] ("The filing of a class proof of claim is consistent with the Bankruptcy Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date"), *aff'd* 411 B.R. 142 (S.D.N.Y. 2009).

641 B.R. at 313-14.

30. As to the first factor, the class of potential claimants in the Tenant Action was certified by order of the State Supreme Court prior to the Petition Date. As to the second factor, it does not appear that the Tenant Action Plaintiffs, nor any other current or former tenants of the Residential Apartment Building were listed by the Debtor as potential creditors in its schedules. Thus, it is unlikely that any of the potential individual members of the class of existing and prior tenants will receive any notice of the claims bar date. As to the third factor, class certification will not adversely affect the administration of the Debtor's estate because, again, the filing of the Tenant Class Claim will merely allow the class to assert a timely proof of claim on account of the Debtor's liabilities asserted in the Tenant Action thereby reserving such claims while the Tenant Action Plaintiffs continue to pursue the liquidation thereof once relief from the automatic stay has been granted.

31. With respect to the second "step" of the analysis, Rule 23(a) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2)

there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a). As to the first factor (numerosity)[6], again, the Tenant Action Plaintiffs believe that as many as 300 existing and former tenants of the Rental Apartment Building may qualify as members of the class. As such, the filing of separate proofs of claim by all class members is impracticable. As to the second factor (commonality)[7], all potential class members have suffered the same injury, *i.e.*, rent overcharges in violation of the New York City Rent Stabilization Law and the right to monetary damages and lease reformations on account thereof. Also, many of the potential class members may have been similarly impacted by the unexplained rent credits recently issued by the Debtor. As to the third factor (typicality)[8], there should be no dispute that the claims of the class representatives against the Debtor are typical of those of the entire class as the claims arise from the same course of events and involve essentially the same legal arguments to prove the Debtor's liability. As to the fourth and final factor (adequacy)[9], the Tenant Action Plaintiffs and their counsel in the Tenant Action will continue to fairly, properly and adequately protect the interests of the class as they have since 2012.[10]

---

[6] "[N]umerosity is presumed when the class has at least 40 members." *MF Global.*, 512 B.R. at 765 n. 6.

[7] "The requirement for establishing commonality sufficient to satisfy Rule 23(a) is quite low." *MF Global.*, 512 B.R. at 765 n. 6.

[8] "To meet the typicality requirement, the putative class representatives must establish the bulk of the elements of each class members' claims when they prove their own." *Major Model Mgmnt.*, 641 B.R. at 315 (citations omitted).

[9] "[Adequacy] requires two findings: First, class counsel must be qualified, experienced and generally able to conduct the litigation. Second, the class members must not have interests that are antagonistic to one another." *MF Global.*, 512 B.R. at 766 (internal citations and quotation marks omitted).

[10] The Tenant Action Plaintiffs are represented by: (a) Matthew Brinckerhoff, Esq., a partner with the firm Emery Celli Brinckerhoff Abady Ward & Maazel LLP, who has been a litigator for over 30 years and specializes in class action litigation; and (b) William Gribben, Esq. and Ronald Languedoc, Esq., both partners with the firm Himmelstein

32. Finally, the "predominance" requirement of Rule 23(b)(3) is satisfied in that the "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Major Model Mgmt.*, 641 B.R. at 315 (internal citations omitted).

33. Accordingly, adequate grounds exist to permit the filing of the Tenant Action Claim on behalf of the entire class that they represent.

## CONCLUSION

34. Based upon the foregoing, it is respectfully requested that the Motion should be granted in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
October 12, 2022

                                          PICK & ZABICKI LLP

                                          By:  Douglas J. Pick, Esq.
                                                 369 Lexington Avenue, 12th Floor
                                                 New York, New York 10017
                                                 (212) 695-6000

                                                 *Counsel to Kathryn Casey, Laurie Cagnassola, Gerald Cohen, Betty Furr, Francesca Gagliano, Carolyn Klein, Joseph Morgan, Richard Rose, Jessica Saks and Kirk Swanson, on behalf of themselves and all others similarly situated*

---

McConnell Gribben & Joseph LLP, who have each practiced law for over 40 years and specialize in tenants' rights issues, including rent overcharge and rent stabilization status claims.