| | |
|---|---|
| HOLLAND & KNIGHT LLP<br>900 Third Avenue<br>New York, New York 10022<br>(212) 751-3001<br>Bruce J. Zabarauskas, Esq.<br>Vivian M. Arias, Esq. | Hearing Date: December 14 2022<br>Hearing Time: 10:00 a.m. |

*Attorneys for Wilmington Trust,*
*National Association, as Trustee for the*
*benefit of the Registered Holders of Wells Fargo*
*Commercial Mortgage Trust 2018-C46,,*
*Commercial Mortgage Pass-Through Certificates, Series 2018-C46*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                   :
In re                                          :    Case No. 22-22635 (SHL)
                                                  :
EASTGATE WHITEHOUSE LLC,      :
                                                  :    Chapter 11
                                                  :
                          Debtor.   :
                                                  :
-------------------------------------------------------x

<u>**NOTICE OF MOTION OF SECURED NOTEHOLDER TO DISMISS BANKRUPTCY
CASE PURSUANT TO BANKRUPTCY CODE §§1112(b)**</u>

**PLEASE TAKE NOTICE** that upon the annexed motion and incorporated memorandum of law, dated October 27, 2022 and the exhibits annexed thereto (the "Motion"), Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 2018-C46 (the "Secured Noteholder"), by and through its undersigned counsel, will move this Court before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on December 14, 2022 at 10:00 a.m. (the "Hearing Date") or as soon thereafter as counsel may be heard, for entry of an order, substantially in the form annexed to the Motion as

Exhibit 3, dismissing the above-captioned bankruptcy case filed by Eastgate Whitehouse LLC pursuant to Bankruptcy Code § 1112(b), and granting such other and further relief to the Secured Noteholder as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion shall take place virtually via *Zoom for Government*. All attorneys and parties wishing to appear at the hearing must register their appearance by utilizing the Court's *eCourt Appearances* tool located on the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl  Case participants must check in to confirm their appearance no later than 4:00 p.m. one business day prior to the scheduled Hearing Date.

**PLEASE TAKE FURTHER NOTICE** that objections or responses, if any to the relief sought in the Motion must be in writing and shall state with particularity the grounds therefor, and shall be filed with the Clerk of the Bankruptcy Court, and served upon the following parties so as to be received at least seven days prior to the Hearing Date: (i) Counsel for the Secured Noteholder, Holland & Knight LLP, Attn: Bruce J. Zabarauskas, Esq. and Vivian M. Arias, Esq., 900 Third Avenue, New York, New York 10022; (ii) Counsel for the Debtor: Shafferman & Feldman, Attn: Joel Shafferman, 127 Fifth Ave., 9th Floor, New York, New York 10010; and (ii) Office of the United States Trustee, Attn: Annie Wells. Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014. A physical copy of any objection or response filed with the Clerk, which shall be marked "Chamber's Copy" shall, within one day after its filing, be delivered to the Clerk's office addressed to: Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, New York 10601.

#179868233_v1

Dated: October 27, 2022
      New York, New York

                              Respectfully submitted,

                              HOLLAND & KNIGHT LLP
                              900 Third Avenue
                              New York, New York 10022
                              (214) 969-2511
                              bruce.zabarauskas@hklaw.com
                              By:    /s/ Bruce J. Zabarauskas
                                      Bruce J. Zabarauskas

                              Attorneys for Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 2018-C46

3

#179868233_v1

HOLLAND & KNIGHT LLP  
Bruce J. Zabarauskas, Esq.  
Vivian M. Arias, Esq.  
900 Third Ave.  
New York, New York 10022  
(202)751-3001  
bruce.zabarauskas@hklaw.com  
vivian.arias@hklaw.com  

Hearing Date: December 14, 2022  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------x  
In re                                                       :  
                                                            :  
EASTGATE WHITEHOUSE LLC,              :      Case Nos. 22-22635 (SHL)  
                                                            :  
                                                            :  
                          Debtor.        :  
---------------------------------------------------------------x  

**MOTION OF SECURED NOTEHOLDER TO DISMISS**  
**BANKRUPTCY CASE PURSUANT TO BANKRUPTCY CODE § 1112(b)**  
**AND INCORPORATED MEMORANDUM OF LAW**

TO:     THE HONORABLE SEAN H. LANE,  
            UNITED STATES BANKRUPTCY JUDGE

Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 2018-C46 (the "Secured Noteholder"), as and for its motion to dismiss this bankruptcy case pursuant to Bankruptcy Code § 1112(b) (the "Motion"), respectfully represents:

**Introduction And Relief Requested**

1.      This a single asset real estate case (although not designated as such in the Debtor's bankruptcy petition), in which the Debtor owes over $40,378,345.55 to the Secured Noteholder, which holds a first priority mortgage of the Debtor's leasehold interest in real property, and a first priority security interest in the Debtor's personal property. The Debtor's organizational documents

1

#179453911_v4 201148.00056

require that the Debtor's management include an independent manager and that the independent manager must consent to any bankruptcy filing by the Debtor. However, the Debtor neither sought, nor obtained the consent of its independent manager to its bankruptcy filing. Accordingly, the Debtor's bankruptcy petition was not duly authorized, and this Chapter 11 case should therefore be dismissed under Bankruptcy Code § 1112(b).

### Facts

### The Debtor And Its Business

2.      The Debtor is a Delaware limited liability company. The Debtor is the tenant under a ground lease (the "Ground Lease") of the real property located at 939 First Avenue (a/k/a 350 East 52nd Street), New York, New York 10022 (the "Property"). The Property is a mixed use commercial/multi-family residential building consisting of 5 commercial units and 133 residential units, which the Debtor leases to tenants.

3.      The Debtor's business consists solely of leasing the commercial and residential units at the Property to various tenants and operating and managing the Property. These rents are the Debtor's sole source of income. Notwithstanding the foregoing, the Debtor failed to designate this bankruptcy case as a single asset real estate case within the meaning of Bankruptcy Code § 101(51B).[1]

4.      The Debtor is indebted to the Secured Noteholder in an amount of not less than $40,378,345.55, pursuant to a pre-petition loan, which is secured by, *inter alia*, a duly recorded first mortgage on the Debtor's leasehold interest in the Property, as well as a duly perfected first priority security interest in the rents from the Property and all of the Debtor's personal property.

---

[1] Concurrently herewith and in the alternative to dismissal of this Chapter 11 case, the Secured Noteholder has filed a motion to designate this case as a single asset real estate case under Bankruptcy Code § 101(51B).

#179453911_v4 201148.00056

5. The Debtor has not made any payments to the Secured Noteholder with respect to the Loan in over a year, and filed this Chapter 11 case five days prior to a hearing on the Secured Noteholder's motion for appointment of a receiver for the Property in the Secured Noteholder's foreclosure action against the Debtor, which is pending before the United States District Court for the Southern District of New York under case number 22-cv-04326.

### The Debtor's Internal Governance Under Its Organizational Documents

6. The management of the Debtor is governed by that certain Amended and Restated Limited Liability Company Agreement dated as of July 23, 2018 (the "Operating Agreement"). A copy of the Operating Agreement is annexed hereto as Exhibit 1.

7. The Debtor's sole member is Whitehouse Estates Inc., whose sole shareholder is William W. Koeppel ("Koeppel").

8. The Operating Agreement provides that the Debtor shall have both a manager and an independent manager.

9. Specifically, § 2.07(h) of the Debtor's Operating Agreement provides, in part: "At all times, there shall be at least one (1) duly Independent Manager of the Company."

10. The Debtor's independent manager, who signed the Operating Agreement, was Julia A. McCullough.

11. The manager of the Debtor, who signed the Operating Agreement, was Koeppel.

12. Section 6.01(b)(10) of the Operating Agreement provides, in part:

> Subject to Section 2.07 and the Loan Agreement, the Manager shall make all major decisions for the Company (subject to delegating various actions in carrying out decisions on behalf of the Company), which shall include the following:
> …
> (10) all other decisions and actions allowed under the Act to carry out the purpose of the Company, except for the decision to file or consent to the filing of any petition, either voluntary or involuntary, to take advantage of

3

#179453911_v4 201148.00056

<u>any applicable insolvency, bankruptcy, liquidation or reorganization statute,… which shall require the affirmative vote of all of the members of the Company</u>.

(emphasis supplied)

13. Section 2.07(i) of the Operating Agreement provides in part:

At all times (A) the Manager of the Company and its constituent members (the "Constituent Members") shall not take any action which under the terms of any organizational documents of the Company, requires the unanimous vote of the managers of the Company or the Constituent Members unless at the time of such action there shall be to least one Independent Manager engaged as provided by the terms of hereof…

14. Section 2.07(b) of the Operating Agreement provides, in part:

The Company has not, and for so long as the Loan shall remain outstanding, the Company shall not:

…

(28) permit its Manager or other governing body to take any action which, under the terms of any Certificate, by-laws, voting trust agreement with respect to any common stock, or other applicable organizational documents, requires the unanimous consent of one percent (100%) of the Managers or any other governing body <u>without the vote of the Independent Manager</u>.

(emphasis supplied).

15. Thus, the Debtor's organizational documents require the unanimous consent of its membership to file a bankruptcy petition, and where unanimous consent of the membership is required under the Debtor's organizational documents, the consent of the Independent Manager is also required in order for such act to be duly authorized.

### The Debtor's Unauthorized Bankruptcy Filing

16. However, the Debtor's bankruptcy petition was signed only by Koeppel as the Debtor's managing member.

17. At the Bankruptcy Code § 341 meeting of creditors (the "341 Meeting"), Koeppel testified that he believed that he needed no one, other than himself, to consent to the Debtor's bankruptcy filing. Koeppel further testified, he neither sought, nor obtained the consent of any

4

#179453911_v4 201148.00056

other person to the Debtor's bankruptcy filing. *See* Transcript of 341 meeting, a copy of which is annexed hereto as Exhibit 2, at p. 21:6-24.

18. Accordingly, the Debtor's bankruptcy petition was not duly authorized because the Debtor's independent manager did not consent to its bankruptcy filing.

## ARGUMENT

### The Court Should Dismiss The Debtor's Bankruptcy Case Under § 1112(b) Of The Bankruptcy Code Because It Was Not Duly Authorized

19. Section 1112(b) provides that a Chapter 11 case may be dismissed for cause. The list of factors set forth in § 1112(b) of what constitutes cause is illustrative, and not exhaustive. The case law is uniform that cause exists for dismissal where the debtor lacked authority to file its Chapter 11 petition. Indeed, lack of authority is jurisdictional, and mandates dismissal. *In re Mid-South Business Assocs., LLC*, 555 B.R. 565, 570 (Bankr. N.D. Miss. 2016) (stating that, where the court finds that there was no corporate authority to file the debtor's bankruptcy case, the "court lacks subject matter jurisdiction over [the] bankruptcy case and has no alternative, but to dismiss it.")

20. Both the United States Supreme Court and other courts have held: "Authority to file for bankruptcy is… a matter of state law." *In re Franchise Services of N.A., Inc.*, 891 F.3d 198, 209 (5th Cir. 2018) *citing Price v. Gurney*, 324 U.S. 100, 106-107, 65 S. Ct. 513, 516 (1945). *See also In re Giggles Restaurant, Inc.*, 103 B.R. 549, 553 (Bankr. N.J. 1989) ("In determining who has the authority to file a voluntary petition in bankruptcy, it is clear that this power to file is governed by state law.")

21. When applying state law to consider whether a debtor had corporate authority to file its bankruptcy petition, courts have regularly upheld corporate governance provisions that

5

provide a bankruptcy petition may not be filed by the company without satisfying the requirements contained in its organizational documents.

22. For example, in *In re Franchise Services of N.A., Inc.*, 891 F.3d 198, the Fifth Circuit affirmed the dismissal of a bankruptcy case for lack of authority where the debtor's organizational documents required, but the debtor did not obtain, the consent of its preferred shareholder, who was also a creditor, in order to file a bankruptcy petition.

23. In *In re Pasta Bar By Scotto II, LLC*, 2015 WL 7307246 (Bankr. S.D.N.Y. 2015), Judge Drain dismissed a Chapter 11 case based upon a lack of authority to file. The debtor in the *Pasta Bar* case was a New York limited liability company, whose operating agreement provided that the debtor's manager could not take any action constituting a "major decision" without the prior written consent of the members holding at least 75% of the ownership interest in the debtor. The operating agreement's definition of a "major decision" expressly included the filing of a bankruptcy petition. The debtor's Chapter 11 petition was filed by the manager of the debtor, who held only a 50% interest in the Debtor. Judge Drain dismissed the petition for cause and held that the manager lacked authority to file the bankruptcy petition because he did not own at least 75% of the ownership interests in the Debtor. *See also In re 3P Hightstown, LLC.*, 631 B.R. 205 (Bankr. D.N.J. 2021)(dismissing Chapter 11 case for lack of authority where debtor's operating agreement required that, until its capital had been returned, consent to bankruptcy filing by preferred members, who were also creditors of the debtor, was required).

24. In *In re Orchards at Hansen' Park, LLC*, 347 B.R. 822, 826 (Bankr. N.D. Tex. 2006), the Debtor's organizational documents provided that "a unanimous vote 'of all Members [of Orchard], and all managers of the Manager <u>including Orchard's independent manager</u> is required before filing bankruptcy." (emphasis supplied). The court dismissed the bankruptcy case

6

for lack of authority because only a single member of the debtor had consented to the bankruptcy filing.

25.  In the instant case, the Debtor is a Delaware limited liability company, and therefore Delaware law governs whether its Chapter 11 petition was duly authorized.

26.  Delaware law provides that a limited liability company will be managed according to the terms of the operating agreement enacted by its members. *See In re NNN123 North Wacker, LLC*, 510 B.R. 854, 858 (Bank. N.D. Ill. 2014) *citing* 6 Del. C. § 18-402.

27.  Here, the Debtor's organizational documents provide that: (i) unanimous consent of all members is required to authorize a bankruptcy filing; and (ii) when unanimous consent of members is required to take action, the Debtor's independent manager must also consent to such action.  As admitted by Koppel in his testimony at the 341 Meeting, the Debtor did not seek or obtain the consent of its independent manager to the Debtor's bankruptcy filing.  Accordingly, the Debtor's bankruptcy filing was not duly authorized and must therefore be dismissed.

WHEREFORE, for the reasons set forth above, the Court should enter an order in the form annexed hereto as <u>Exhibit 3</u> dismissing the Debtor's bankruptcy cases pursuant to Bankruptcy Code § 1112(b).[2]

Dated:  October 27, 2022
        New York, New York

---

[2] The issue as to whether The Debtor's bankruptcy petition was duly authorized is a "gating" issue in this case because it will determine whether this Court even has jurisdiction over this bankruptcy case. There may exist, or may soon exist, additional grounds for dismissing this case. For example, approximately $833,000 in real estate taxes will become due on the Property in January, and the Debtor had little or no funds in its bank account as of the Petition Date, and the Debtor lacks insufficient cash to fully escrow for such taxes. Exhibit 2 at pp. 21:25-22:1-6, 26:15-24. Accordingly, the Secured Noteholder reserves its right to seek dismissal on additional grounds or relief from the automatic stay or the appointment of a chapter 11 trustee during the course of the Debtor's bankruptcy case.

Respectfully submitted,

HOLLAND & KNIGHT LLP
900 Third Avenue
New York, New York 10022
(214) 969-2511
bruce.zabarauskas@hklaw.com
By:    /s/ Bruce J. Zabarauskas
         Bruce J. Zabarauskas

Attorneys for Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C46, Commercial Mortgage Pass-Through Certificates, Series 2018-C46

8

#179453911_v4 201148.00056

## CERTIFICATE OF SERVICE

Bruce J. Zabarauskas, hereby certifies:

1. I am an attorney duly admitted to practice law in the States of New York, Texas and California, and am a member of the bar of this Court. I represent the Secured Noteholder in this Chapter 11 case.

2. On October 27, 2022, a copy of the prefixed Notice of Motion and Motion was served through the ECF system upon counsel for the Debtor and the United States Trustee and by first class mail upon the Debtors, counsel for the Debtor, the United States Trustee, and all parties listed in the Debtor's schedules of assets and liabilities and all parties that have filed a notice of appearance as listed on the annexed service list.

/s/ Bruce J. Zabarauskas
Bruce J. Zabarauskas

9

## SERVICE LIST

939 First Avenue LLC
c/o Sol Goldman Investments LL
1185 Sixth Avenue, 10th Floor
New York, NY 10036

American Public Adjusters, LLC
134 Maple Street
Great Neck, NY 11023

Consolidated Edison Company of New York, Inc.
Bankruptcy/ EAG Group
4 Irving Place 9th Floor
New York, NY 10003

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
Pick & Zabicki LLP
369 Lexington Avenue, 12th Floor
New York, NY 10017

Eastgate Whitehouse LLC
Attn: William Koeppel
6 Puritan Road
Rye, NY 10580

Gordon H. Smith Corporation
c/o Duane Morris LLP
1540 Broadway
New York, NY 10036

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Joel Shafferman
Shafferman & Feldman, LLP
137 Fifth Avenue
9th Floor
New York, NY 10010

10

#179453911_v4 201148.00056

Kathryn Casey, Laurie Cagnassola et al.
c/o Himmelstein McConnell Gribben & Josp
15 Maiden Lane, 17th Floor
New York, NY 10038

Leech Tishman Robinson Brog
875 Third Ave
9th Floor
New York, NY 10022

NYC Department of Finance
Field Collection
59 Maiden Lane
New York, NY 10038

NYC Water Board
59-17 Junction Blvd
Elmhurst, NY 11373

NYS Dept Taxation and Finance
Bankruptcy Section
P.O. Box 5300
Albany, NY 12205-0300

Povol & Company CPA, P.C.
1981 Marcus Avenue
Suite C100
New Hyde Park, NY 11042

Pyramid Restoration NY, LLC
52-02 11th Street
Long Island City, NY 11101

Rosenberg & Estis, P.C.
733 Third Avenue
New York, NY 10017

SEIU 32BJ
25 West 18th Street
New York, NY 10011

U.S. Trustee
Attn: Paul Schwartzberg

11

U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014


V.C. Drywall & Remodeling, LLC
c/o Smith, Buss & Jacobs, LLC
733 Yonkers Avenue, Suite 200
Yonkers, NY 10704


William W. Koeppel
6 Puritan Road
Rye, NY 10580

WWK 140 Bay Ridge, LLC
6 Puritan Road
Rye, NY 10580

12

#179453911_v4 201148.00056