SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
KATHRYN CASEY, LAURIE CAGNASSOLA, GERALD COHEN,
BETTY FURR, FRANCESCA GAGLIANO, CAROLYN KLEIN,
JOSEPH MORGAN, RICHARD ROSE, JESSICA SAKS, and KIRK
SWANSON, on behalf of themselves and all others similarly situated,

                        Plaintiffs,

     -against-                                          Index No. 111723/2011

PAMELA RENNA, VITINA DEGREZIA aka VITINA LUPPINO         **THIRD PARTY**
     - against -                                         **SUMMONS**

                       Intervenor-Plaintiffs,


WHITEHOUSE ESTATES, INC., KOEPPEL & KOEPPEL, INC.,
DUELL 5 MANAGEMENT LLC d/b/a DUELL MANAGEMENT
SYSTEMS, WILLIAM W. KOEPPEL and EASTGATE             Third-Party Index No.:
WHITEHOUSE ESTATES, LLC,                                      595472/2017
                                                                   Date Purchased:
                       Defendants.
                                                                      6/12/2017
-----------------------------------------------------------------X
-----------------------------------------------------------------X
WHITEHOUSE ESTATES, INC., EASTGATE WHITEHOUSE LLC
and WILLIAM W. KOEPPEL,

                        Third-Party Plaintiffs

     -against-

ROBERTA L. KOEPPEL, ALEXANDRA KOEPPEL as Executors
And Trustees of the Trust created under Article Fourth of the Last Will
of ROBERT A. KOEPPEL, KOEPPEL MANAGEMENT COMPANY
LLC, and ROBERTA L. KOEPPEL individually.

                       Third-Party Defendants.
-----------------------------------------------------------------X

To the above named Third-Party Defendant(s):

1

YOU ARE HEREBY SUMMONED to answer the attached Third-Party Complaint in this action and to serve a copy of your Answer, or, if the Third-Party Complaint is not served with this Summons, to serve a notice of appearance, on the Third-Party Plaintiffs' Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete it this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:     New York, New York
            June 11, 2017

Yours etc.,

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP
*Attorneys for Third Party Plaintiffs*
By: Anthony J. Genovesi, Jr., Esq.
     Christopher J. Alvarado, Esq.
*Pursuant to 22 N.Y.C.R.R. § 130-1.1*
630 Third Avenue, Fifth Floor
New York, New York 10017
(212) 279-9200 (tel.)

**Third-Party Defendants' Addresses:**

Roberta L. Koeppel
As Executor and Trustee of the Trust created under Article Fourth of the Last Will and Testament of Robert A. Koeppel, and Individually
1050 Fifth Avenue, 20B
New York, NY 10028

Alexandra Koeppel
As Executor and Trustee of the Trust created under Article Fourth of the Last Will and Testament of Robert A. Koeppel
1065 Park Avenue
New York, NY 10128, Unit 18BC

Koeppel Management Company LLC
c/o Roberta L. Koeppel as Managing Member and CEO
1050 Fifth Avenue, 20B
New York, NY 10028

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
KATHRYN CASEY, LAURIE CAGNASSOLA, GERALD COHEN,
BETTY FURR, FRANCESCA GAGLIANO, CAROLYN KLEIN,
 JOSEPH MORGAN, RICHARD ROSE, JESSICA SAKS, and KIRK
SWANSON, on behalf of themselves and all others similarly situated,

                   Plaintiffs,

    -against-                                                  Index No. 111723/2011

PAMELA RENNA, VITINA DEGREZIA aka VITINA LUPPINO        **THIRD PARTY**
   - against -                                                  **COMPLAINT**

                Intervenor-Plaintiffs,


WHITEHOUSE ESTATES, INC., KOEPPEL & KOEPPEL, INC.,
DUELL 5 MANAGEMENT LLC d/b/a DUELL MANAGEMENT
SYSTEMS, WILLIAM W. KOEPPEL and EASTGATE                Third-Party Index No.:
WHITEHOUSE ESTATES, LLC,                                        595472-2017
                                         Defendants.                     Date Purchased:
                                                                           6/12/2017
-----------------------------------------------------------------------X
-----------------------------------------------------------------------X
WHITEHOUSE ESTATES, INC., EASTGATE WHITEHOUSE LLC
and WILLIAM W. KOEPPEL,
                Third-Party Plaintiffs

    -against-

ROBERTA L. KOEPPEL, ALEXANDRA KOEPPEL as Executors
And Trustees of the Trust created under Article Fourth of the Last Will
of ROBERT A. KOEPPEL, KOEPPEL MANAGEMENT COMPANY
LLC, and ROBERTA L. KOEPPEL individually.

                Third-Party Defendants.
-----------------------------------------------------------------------X

Third-Party Plaintiffs, by their attorneys Abrams, Fensterman, Fensterman, Eisman, Formato,

Ferrera & Wolf, LLP, for their complaint against Third-Party Defendants, respectfully allege as

follows:

3

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017
22-22635-shl    Doc 52-2    Filed 10/31/22    Entered 10/31/22 18:26:54    Exhibit B
Pg 4 of 11

## PARTIES

1. That all times herein mentioned, the Third-Party Plaintiff, Whitehouse Estates Inc., hereinafter ("Whitehouse") is a corporation organized pursuant to the laws of the State of New York, and who also does business under the name and style of Whitehouse Estates, Inc., with its principal address at 5 East 57th Street, 10th Floor, New York, New York 10022. Whitehouse is duly authorized to conduct business in the State of New York and is in the business of renting commercial and residential space at the premises known as 350 East 52nd Street, New York, New York 10022.

2. That all times herein mentioned, the Third-Party Plaintiff, Eastgate Whitehouse LLC, hereinafter ("Eastgate") is a LLC organized pursuant to the laws of the State of Delaware, and who also does business under the name and style of Eastgate Whitehouse LLC, with its principal address at 5 East 57th Street, 10th Floor, New York, New York 10022. Eastgate is duly authorized to conduct business in the State of New York and is in the business of renting commercial and residential space at the premises known as 350 East 52nd Street, New York, New York 10022.

3. At all times herein mentioned, Third-Party Plaintiff William W. Koeppel, was and is an individual and the president and sole shareholder of Third-Party Plaintiff Whitehouse and managing member of Third-Party Plaintiff Eastgate.

4. At all times herein mentioned, Third-Party Plaintiff Eastgate is wholly owned by Third-Party Plaintiff Whitehouse.

5. At all times herein mentioned, Third-Party Defendant, Roberta L. Koeppel, was and is an individual who resides in the City, State, and County of New York.

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017
22-22635-shl    Doc 52-2    Filed 10/31/22    Entered 10/31/22 18:26:54    Exhibit B
Pg 5 of 11

6. At all times herein mentioned Third-Party Defendant Roberta L. Koeppel was and is a Trustee under a Trust under Article Fourth of the Last Will of Robert A. Koeppel, hereinafter( "the ART 4th Trust").

7. At all times herein mentioned, Third-Party Defendant, Alexandra Koeppel, was and is an individual who resides in the City, State, and County of New York.

8. At all times herein mentioned, the Third-Party Defendant Alexandra Koeppel, was and is a Trustee of Third-Party Defendant the ART 4th Trust.

9. That all times herein mentioned, the Third-Party Defendant, Koeppel Management Company LLC, hereinafter ("Koeppel Management") is a LLC organized pursuant to the laws of the State of New York, and who also does business under the name and style of Koeppel Management Company LLC, with its principal address at 136 East $57^{nd}$ Street, New York, New York 10022. Koeppel Management is duly authorized to conduct business in the State of New York and is in the business of renting commercial and residential space.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Whitehouse, was the Triple Net Lessee under a ground lease for an income producing real property located at 350 East 52nd Street, New York, New York 10022 until said ground lease was assigned to and assumed by Eastgate on September 9, 2014. A copy of Assignment and Assumption of the Ground Lease is hereto attached and incorporated herein by reference as (**Exhibit "A"**).

5

11. At all times herein mentioned and prior to the 11th day of August 2008, the Third-Party Defendant Koeppel Management and or its predecessors in interest, was the manager of Whitehouse and the property located at 350 East 52nd Street, New York, New York, 10022.

12. At all times herein mentioned and prior to the 11th day of August 2008, Roberta L. Koeppel was and is the Managing Member and Chief Operating Officer of Koeppel Management.

13. At all times herein mentioned, Roberta L. Koeppel and Alexandra Koeppel were and are the Executors of the Estate of Robert A. Koeppel.

14. Prior to this proceeding on or about August 11, 2008, the Third-Party Defendants Roberta L. Koeppel and Alexandra Koeppel, the ART 4th Trust, and the Estate of Robert A. Koeppel, entered into a Stock Redemption agreement with Whitehouse and William W. Koeppel, a copy of which is hereto attached and incorporated herein by reference as **(Exhibit "B").**

15. Pursuant to paragraph twelve (12) of the Stock Redemption Agreement located on page eleven(11) the ART 4th Trust agreed to indemnify Whitehouse and hold it harmless against (2) "any rent which must be refunded to a tenant because of an overcharge prior to closing."

16. On or about October 14th, 2011 Kathryn Casey, et al., filed a class action lawsuit against the Defendant-Third-Party Plaintiffs Whitehouse, William W. Koeppel and others under Index Number 111723/2011 in the Supreme Court of the State of New York, County of New York. The complaint was later amended to include Eastgate as a Defendant; a copy

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
22-22635-shl    Doc 52-2    Filed 10/31/22    Entered 10/31/22 18:26:54    Exhibit B
Pg 7 of 11
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017

of the Summons and Amended Complaint are hereto attached as **(Exhibit "C")** and are incorporated herein by reference.

17. That pursuant to the Class Action Complaint, Exhibit C, Plaintiffs are seeking monetary damages for rent overcharge, legal fees and other relief against the Defendant-Third-Party Plaintiffs.

18. A copy of the Third-Party Plaintiffs' Answer to the Amended Complaint is hereto attached and incorporated by reference as **(Exhibit "D")**.

## AS AND FOR A FIRST CAUSE OF ACTION

19. The damages Plaintiffs seek in the class action proceeding were caused or accumulated prior the closing between the Third-Party Plaintiffs and the Third-Party Defendants in or about August 2008.

20. It is upon information and belief, that Koeppel Management and Roberta Koeppel, have filed for and received several J-51 Program tax abatements on behalf of the net lessee Whitehouse since 1991. Koeppel Management along with Roberta Koeppel and Alexandra Koeppel in both their roles as fiduciaries of the Estate of Robert A. Koeppel and the then controlling officers of Whitehouse filed for and received the most recent tax abatement under the J-51 Program on or about January 1, 2004. This abatement was for approximately a 10 year period wherein Whitehouse received $1,116.67 in benefits per year. This abatement ran and expired in the third quarter of 2014.

21. The Third-Party Defendants though in receipt of J-51 benefits continued to avail themselves to high-rent vacancy deregulation ("luxury deregulation") to remove

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
22-22635-shl    Doc 52-2    Filed 10/31/22    Entered 10/31/22 18:26:54    Exhibit B
Pg 8 of 11
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017

Plaintiffs apartments from rent stabilization, contrary to the holdings in *Roberts v. Tishman Speyers* and its progeny. The Third-Party Plaintiffs received control of the premises with J-51 benefits already in place and with the Plaintiffs apartments already deregulated.

22. The Third-Party Defendants Roberta L. Koeppel, Alexandra Koeppel, the ART 4th Trust and the Estate of Robert A. Koeppel are liable to Third-Party Plaintiff Whitehouse, Eastgate and William W. Koeppel for any damages sustained as a result of any damages awarded to the class action Plaintiffs.

23. The Third-Party Plaintiffs are entitled to a judgment over and against the Third-Party Defendants for all or part of any verdict or judgment that Plaintiffs may recover against said Third-Party Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS ROBERTA KOEPPEL AND KOEPPEL MANAGEMENT COMPANY LLC

24. Third-Party Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs numbered (1-23) as if fully set forth hereinafter at length.

25. That Defendant Koeppel Management, by its Managing Member and Chief Operating Officer Roberta Koeppel, at all times herein involved, prior to August 2008, operated, managed, and controlled the mix-use premises located at 350 East 52nd Street, New York, New York, 10022.

26. It is upon information and belief, that Koeppel Management and Roberta Koeppel, have filed for and received several J-51 Program tax abatements on behalf of the net lessee Whitehouse since 1991, the most recent which expired third quarter of 2014.

8

27. It is upon information and belief, that Defendants Koeppel Management and Roberta Koeppel wrongfully availed themselves and Whitehouse of luxury deregulation and deregulated rent stabilized apartments.

28. It is upon information and belief, that it was the duty of Koeppel Management and Roberta Koeppel to properly file and charge legal rents for the residential units at 350 East 52nd Street, New York, New York 10022

29. It is upon information and belief, if there was a failure to properly register the apartments and collect only legal rents, such failure was caused by the Third-Party Defendants breach of their duty to properly manage the subject premises.

30. If Third-Party Plaintiffs sustain damages, as alleged in the Complaint, and it is found that the Third-Party Plaintiff is liable to the Plaintiffs herein, then Third-Party Plaintiffs are entitled to judgment over and against the Third-Party Defendants for all or part of any verdict or judgment that Plaintiffs may recover against said Third-Party Plaintiffs.

31. That by reason of the forgoing, Third-Party Plaintiffs have incurred attorney's fees, expenses and costs and will incur further attorney's fees, expenses and costs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS ROBERTA KOEPPEL, ALEXANDRA KOEPPEL AND THE ART 4TH TRUST**

32. The Third Party Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs numbered (1-31) as if fully set forth hereinafter at length.

33. It is upon information and belief, the Third-Party Defendants, represented to the Third-Party Plaintiffs that they were operating, managing, supervising and controlling the

9

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017

22-22635-shl    Doc 52-2    Filed 10/31/22    Entered 10/31/22 18:26:54    Exhibit B
Pg 10 of 11

management of the residential units of 350 East 52nd Street, New York, New York 10022 in a lawful and legal manner.

34. The Third-Party Defendants further represented that the rental amounts and the registration of the apartments were legal and in compliance with legal mandates.

35. It is upon information and belief these claims were false and misleading to Third-Party Plaintiffs and were made in order to induce Third-Party Plaintiffs to enter into the Stock Redemption Agreement previously attached hereto as Exhibit A.

36. The Third-Party Plaintiffs relied upon the false, misleading and fraudulent representations of the Third-Party Defendants to their detriment.

37. It is upon information and belief that but for the false, fraudulent and misleading representation made by Third-Party Defendants, Third-Party Plaintiffs would not have entered into the Stock Redemption Agreement.

38. As a result of the false and misleading representations by Third Party Defendants, Third Party Plaintiffs have been damaged in an amount to be determined by the court but believed to be not less than ten million dollars ($10,000,000.00).

**WHEREFORE**: it is respectfully requested that the Third-Party Plaintiffs demand judgment as follows:

1. That the ultimate rights and liabilities of the Third-Party Plaintiffs and the Third-Party Defendants as and between themselves be determined in this action;

2. In the event that judgment is recovered by the Plaintiffs against the Defendant-Third-Party Plaintiffs, WHITEHOUSE ESTATES INC., EASTGATE WHITEHOUSE LLC

10

FILED: NEW YORK COUNTY CLERK 06/12/2017 01:01 PM
NYSCEF DOC. NO. 277
22-22635-shl Doc 52-2 Filed 10/31/22 Entered 10/31/22 18:26:54 Exhibit B
Pg 11 of 11
INDEX NO. 111723/2011
RECEIVED NYSCEF: 06/12/2017

and WILLIAM W. KOEPPEL, the Defendant-Third-Party Plaintiffs demand judgment over and against the Third-Party Defendants, ROBERTA L. KOEPPEL, ALEXANDRA KOEPPEL as Executors and Trustees of the Trust created under Article Fourth of the Last Will of ROBERT A. KOEPPEL, KOEPPEL MANAGEMENT COMPANY LLC, and ROBERTA L. KOEPPEL individually, in the like amount to the extent of the responsibility determined by this Court together with all attorney's fees, costs and disbursements;

3. On the Third Cause of Action, monetary damages in an amount to be determined by this Court; and

4. Together with such other and further relief as this Court may deem proper and the costs and disbursements of this action.

Dated: New York, New York
June 11, 2017

Yours etc.,

_____
ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA & WOLF, LLP
*Attorneys for Third Party Plaintiffs*
By: Anthony J. Genovesi, Jr., Esq.
 Christopher J. Alvarado, Esq.
*Pursuant to 22 N.Y.C.R.R. § 130-1.1*
630 Third Avenue, Fifth Floor
New York, New York 10017
(212) 279-9200 (tel.)

11