HOLLAND & KNIGHT LLP
Bruce J. Zabarauskas, Esq.
Vivian M. Arias, Esq.
31 West 52nd Street
New York, New York 10019
(212) 513-3200
bruce.zabarauskas@hklaw.com
vivian.arias@hklaw.com

Hearing Date: March 15, 2023
Hearing Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                          :
                                                                :
EASTGATE WHITEHOUSE LLC,              :     Case No. 22-22635 (SHL)
                                                                :
                                                                :
                        Debtor.             :
-------------------------------------------------------------------x

**REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS BANKRUPTCY
CASE PURSUANT TO BANKRUPTCY CODE § 1112(b) IN THE EVENT
MOTION TO ASSUME GROUND LEASE IS DENIED**

TO:    THE HONORABLE SEAN H. LANE,
           UNITED STATES BANKRUPTCY JUDGE:

Barclays Bank PLC (the "Secured Lender") as and for its *Reply In Support Of Supplemental Motion To Dismiss Bankruptcy Case Pursuant To Bankruptcy Code § 1112(b) In The Event Motion To Assume Ground Lease Is Denied* (the "Supplemental Motion") respectfully represents:

**Introduction**

1.    The Secured Lender submits this reply pursuant to this Court's March 3, 2023 scheduling order with respect to the Supplemental Motion [Dkt. No. 132], and in response to the objection filed by 939 First Avenue LLC (the "Ground Lessor") to the Supplemental Motion [Dkt. No. 139].[1]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Supplemental Motion.

1

2. The Ground Lessor submits that the Supplemental Motion, which seeks dismissal of this bankruptcy case in the event that the Court denies the Debtor's pending Assumption Motion, should be denied because:

> (i) the Secured Lender has engaged in "gamesmanship" by filing the Supplemental Motion shortly before the hearing on the Assumption Motion even though counsel for the Secured Lender first requested permission to file supplemental dismissal papers at a hearing in January, and the Court asked the parties to "hold their powder" and not file additional motions, until the February 28, 2023 hearing;

> (ii) the doctrine of laches supports denial of the Secured Lender's "last ditch" filing of the Supplemental Motion even though the Ground Lessor agreed to the briefing schedule on the Supplemental Motion and has had the time and opportunity to file an objection to the Supplemental Motion;

> (iii) "the Supplemental Motion was not made in good faith because the Secured Lender concedes it is attempting to manipulate the system" by creating a "heads I win, tails you lose" scenario and is seeking an advisory opinion from the Court just because the Secured Lender is appropriately requesting alternative relief;

> (iv) the Supplemental Motion seeks to "undermine the space-time continuum" by seeking a dismissal based on loss of assets prior to rejection and "Einstein will not have it," notwithstanding cases where dismissal was entered even though the Debtor's loss of assets had not yet occurred, but was imminent; and

> (v) dismissal would benefit only the Secured Lender, even though it is the Ground Lessor who would be receiving a windfall and improving its position if the Ground Lease were rejected.

Accordingly, for the reasons set forth in the Supplemental Motion and in this reply, in the event that the Court were to deny the Assumption Motion, the Court should grant the Supplemental Motion.

**The Contention That The Motion Was A Last Minute Act Of Gamesmanship Is
Belied By The Hearing Transcripts That Show The Secured Lender Has Sought
Permission Since January To File Papers Requesting Dismissal As An <u>Alternative
To Rejection Of The Ground Lease</u>**

3.First, the Ground Lessor's argument that the filing of the Motion is last minute gamesmanship by the Secured Lender is contradicted by the record in this case. At the January 5, 2023 hearing in this case, counsel for the Secured Lender raised the argument that if the Assumption Motion is not granted, dismissal should be ordered. *See* <u>Exhibit 29</u> at p. 37 ("But if your Honor's not comfortable, and is not going to do that, then dismissal is the best option and let everyone go to state court and enjoy their State Court rights and remedies.")[2]

4.The issue was raised again at the January 10, 2023 hearing by counsel for the Secured Lender, who wanted to file papers with the Court on the issue of dismissal prior to a deemed rejection of the Ground Lease, as set forth in the following exchange with the Court:

> MR. ZABARAUSKAS: Your Honor, if we're talking about 365[d](4) issues and [deemed] rejections, I would just like to file a supplement to my motion and put it on the same day that if the Court were to consider a [deemed] rejection that it will have the alternative ability to just dismiss the case,
>
> …
>
> THE COURT: Well, here's the thing. If you do that, then the landlord -- its like a nuclear weapon, right? If you want to load your warhead, then they will want to do the same thing. So that's why I've been using status conferences, so that nobody feels the need to go down that road because, frankly, the secured creditor and the landlord is spending enough money in this case already. So I'm trying to avoid having you all have to take those other steps. So my thought would be that the next hearing would be much like this one. It would be a status conference. It would be a continued hearing on the motion we had on the other day and nothing else. But we'll do it in a way -- we can do whatever timing so that everybody has the right to gear up, if we're going to fight about dismissal versus rejection.
>
> But I just -- I'm trying to avoid going down that road for the moment because it just -- it seems to be spending a lot of money. And let's see. Let's see what we can get done here. And I think we should have some sense with

---

[2] References to exhibits are to those exhibits contained in the Secured Lender's witness and exhibit list in connection with the Mach 15, 2023 hearing before this Court. [Dkt. No. 145].

3

> the convergence of the oral argument and some settlement discussions and some of those other issues that are now somewhat in the rearview mirror. Let's see where we are on that before we worry about dismissal versus rejection

(Exhibit 30 at p. 27).

5. At subsequent hearings in this case, the Court again asked the parties to "hold their powder" and not file motions.

6. Finally, at the February 28 hearing, when the Court discussed setting a final hearing on the Assumption Motion, counsel for the Secured Lender again raised the issue of filing a supplemental dismissal motion, seeking dismissal in the event that the Assumption Motion were denied. The Court requested that the parties discuss the filing of such a motion among themselves and submit a briefing schedule with the Court. (Exhibit 34 at pp. 22-24).

7. On March 3, 2023, the Court entered a scheduling order on the Supplemental Motion that had been agreed to by the parties, including the Ground Lessor. [Dkt. No. 132].

8. Accordingly, the Ground Lessor's contention that the Motion should be denied because it is a "last ditch" act of gamesmanship is meritless.

**The Doctrine Of Laches Does Not Provide The Ground Lessor A Defense To The Supplemental Motion Because The Secured Lender Did Not Unreasonably Delay In Filing The Motion And The Ground Lessor Has Not Been Prejudiced By Any Delay**

9. Equally lacking in merit is the Ground Lessor's argument that the filing of the Supplemental Motion should be denied on the grounds of laches. Laches occurs when a party has unreasonably and inexcusably delayed in taking an action and a party has been prejudiced by such delay. *In re Everton Aloysius Sterling*, 543 B.R. 385, 398 (Bankr. S.D.N.Y. 2015) (Lane, J.). The party asserting laches bears the burden of establishing that cause for such defense exists. *Id*.

10.  As set forth above, there was no delay by the Secured Lender. Furthermore, the Ground Lessor has not been prejudiced because it has had the opportunity to oppose the Supplemental Motion pursuant to the terms of a scheduling order to which it consented.

**The Secured Lender's Request For Alternative Relief Neither
Seeks To "Manipulate The System," Seek An Advisory Opinion,
Nor Create A "Heads I Win, Tails You Lose" Scenario**

11.  The Bankruptcy Code and Rules recognizes that parties may seek alternative relief. Here, the Secured Lender requests that the Court grant the Assumption Motion, or in the alternative dismiss this Chapter 11 case. There is nothing sinister or manipulative about seeking alternative relief and it is common legal practice. Indeed, the Ground Lessor cites no case law in support of its position that the Supplemental Motion's seeking of alternative relief is impermissible.

12.  Contrary to the Ground Lessor's contention, the Supplemental Motion does not seek an advisory opinion. The Secured Lender requests, first and foremost, that the Assumption Motion be granted. In the event that the Assumption Motion is denied, then the Secured Lender requests dismissal of this case. There is nothing advisory about seeking alternative relief.

13.  Finally, the Ground Lessor's contention that the Secured Lender is seeking a "head's I win, tails you lose scenario" is inaccurate. It is possible that the Court could deny both the Assumption Motion and the Supplemental Motion. Hence, the Secured Lender has not "rigged" the system against the Ground Lessor.

**The Ground Lessor's "Space-Time Continuum" Argument Is Baseless**

14.  The Ground Lessor's argument that dismissal prior to a rejection is improper because the Debtor will not lose its principal asset until after rejection, is erroneous.

15.  In both *In re AMC Realty Corp.*, 270 B.R. 132 (Bankr. S.D.N.Y. 2001) and *In re Hinchliffe*, 164 B.R. 45 (Bankr. E.D. Pa. 1994), which are cited in the Supplemental Motion, the

5

Court dismissed the debtor's bankruptcy case prior to the time that the debtor lost its assets. The Ground Lessor's attempts to factually distinguish those cases on other, irrelevant points, does not take away from the fact that courts have found cause for dismissal after a determination had been made that the debtor should lose its assets, but before the assets were actually removed from its bankruptcy estate.

### The Ground Lessor's Contention That Only The Secured Lender Would Be Served By The Dismissal of This Case In The Event That The Ground Lease Is Rejected Is Erroneous

16.     The Ground Lessor also erroneously states that dismissal, instead of rejection of the Ground Lease, would benefit only the Secured Lender. This statement is incorrect. Under Bankruptcy Code § 365(d)(4), upon a rejection of the Ground Lease, the Debtor would be required to surrender the Property to the Ground Lessor, losing its only income-producing asset. There would be no way for the Debtor to make distributions to its creditor body, including its unsecured creditors and tenants. Thus, dismissal would harm all of the Debtor's creditors.

### Rejection Of The Ground Lease Would Benefit Only The Ground Lessor Who Would Receive Benefits In Excess Of Its Rights Under The Ground Lease

17.     By contrast, a rejection of the Ground Lease will benefit only the Ground Lessor because under Bankruptcy Code § 365(d)(4), the debtor is required to surrender its premises to the Ground Lessor upon a deemed rejection of its lease. This is a benefit which exceeds the contract rights of the Ground Lessor under the Ground Lease, who would be required to provide notices and opportunity to cure to the Debtor and Ground Lessor prior to terminating the Ground Lease outside of bankruptcy. In other words, rejection will strip the Debtor and Secured Lender of important contractual rights, and would give the Ground Lessor an improved position over its contractual rights under the Ground Lease, at a time when no other creditor in the bankruptcy case would receive a benefit from such rejection. *In re Rock 49th Rest. Corp.*, 2010 WL 1418863

(Bankr. S.D.N.Y. 2010) (Section 365 of the Bankruptcy Code was not intended to give a landlord the right to improve its position upon the bankruptcy of a tenant.)

18. The Ground Lessor also fails to address the key point as to what legitimate bankruptcy purpose would be served by continuing this bankruptcy case in the event that the Court decides that the Ground Lease, the Debtor's sole substantial asset, should be rejected.

**The Ground Lessor Incorrectly Asserts That The Secured Lender
Is Seeking A "Pause" Of Rejection In Order To Allow The Court
To Rule On The Supplemental Motion**

19. Finally, the Ground Lessor incorrectly asserts that the Supplemental Motion asks the Court to "pause" the rejection of the Ground Lease in the event that the Court is going to deny the Assumption Motion, so that the Court can first rule on the Supplemental Motion.

20. The Ground Lessor's argument appears to be based on an incorrect belief that the denial of the Assumption Motion will constitute a rejection of the Ground Lease.

21. However, the case law is clear that a denial of a motion to assume a lease or executory contract does not result in the automatic rejection of such lease or executory contract. *See*, *e.g.*, *In re Texas Health Enterprises, Inc.*, 72 F. App'x 122, 127 (5th Cir. 2003) ("The denial of a debtor-in-possession's motion to assume an executory contract does not mean that the contract is automatically rejected"); *In re F.W. Rest. Assocs., Inc.*, 190 B.R. 143, 149 (Bankr. D. Conn. 1995) ("A court's denial of a debtor-in-possession's motion to assume an executory contract does not effect a *pro tanto* rejection of the subject contract.").

22. The current deadline to assume or reject the Ground Lease is March 16. A denial of the Assumption Motion at the March 15 hearing will not result in a rejection of the Ground Lease. If the Assumption Motion is denied, the Ground Lease would be deemed rejected on March 17 because the Ground Lease will not have been assumed by the March 16 deadline to assume or

reject. Hence, there would be no "pause" of a rejection to allow the Court to hear the Supplemental Motion in the event that the Assumption Motion is denied. Rather, the Supplemental Motion would be heard by the Court prior to the date of the deemed rejection of the Ground Lease.

WHEREFORE, for the reasons set forth above, in the event that Court denies the Assumption Motion, the Court should: (i) simultaneously enter an order in the form annexed hereto as Exhibit A dismissing the Debtor's Chapter 11 case for cause pursuant to Bankruptcy Code § 1112(b) prior to the expiration of the Debtor's deadline to assume or reject the Ground Lease and (ii) grant such other and further relief to the Secured Lender as is just and proper.

Dated: March 15, 2023
      New York, New York

Respectfully submitted,

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200
bruce.zabarauskas@hklaw.com
By:   /s/ Bruce J. Zabarauskas_____
      Bruce J. Zabarauskas

Attorneys for Barclays Bank PLC

## CERTIFICATE OF SERVICE

Bruce J. Zabarauskas, hereby certifies:

1. I am an attorney duly admitted to practice law in the States of New York, Texas and California, and am a member of the bar of this Court. I represent the Secured Lender in this Chapter 11 case.

2. On March 15, 2023, a copy of the prefixed *Reply In Support Of Supplemental Motion To Dismiss Bankruptcy Case In The Event Motion To Assume Ground Lease Is Denied* was served through the ECF system upon counsel for the Debtor, the Ground Lessor, the United States Trustee and all other parties reciting notice through the ECF Systems.

/s/ Bruce J. Zabarauskas
Bruce J. Zabarauskas