# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                              :
In re                          :       Case No. 22-22635 (SHL)
                              :
EASTGATE WHITEHOUSE LLC,     :
                              :       Chapter 11
                              :
              Debtor.   :
                              :
-------------------------------------------------------x

**ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES TO MAZAL ECHAD LLC PURSUANT TO BANKRUPTCY CODE § 363**

Upon the *Motion Of Plan Administrator For Entry Of An Order (I) Approving The Sale Of Substantially All Of The Debtor's Assets Pursuant To The Confirmed Plan, (II) Approving The Stalking Horse Agreement, Subject To Higher And Better Offers, (III) Finding That The Buyer Is A Good Faith Purchaser Under Bankruptcy Code § 363(m), (IV) Approving The Assignment Of Executory Contracts And Leases Pursuant To Bankruptcy Code § 365, And (V) Granting Related Relief* (the "Motion"); and a hearing on the Motion having been held before the Court (the "Hearing"); and the Court having found that notice of the Motion and Hearing was good and sufficient; and all objections to the Motion, if any, having been withdrawn or overruled; and the Court having reviewed and considered the Motion and the exhibits annexed thereto; and the evidence, proffers and arguments of counsel at the Hearing; and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion and at the Hearing is in the best interests of the above-captioned, post-confirmation debtor, Eastgate Whitehouse, LLC (the "Debtor"), its estate, creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction to consider the Motion, and the relief requested therein pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested in the Motion are: (i) sections 105(a), 363, 365, and 1142 of title 11, United States Code (the "Bankruptcy Code"); and (ii) Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. Pursuant to the *Order Scheduling Expedited Hearing and Modifying Local Rule's Deadline For Filing Objections To, And Limiting Notice Of, Motion Of Plan Administrator For Entry Of An Order (I) Approving The Sale Of Substantially All Of The Debtor's Assets Pursuant To The Confirmed Plan, (II) Approving The Stalking Horse Agreement, Subject To Higher And Better Offers, (III) Finding That The Buyer Is A Good Faith Purchaser Under Bankruptcy Code § 363(m), (IV) Approving The Assignment Of Executory Contracts And Leases Pursuant To Bankruptcy Code § 365, And (V) Granting Related Relief* [Docket No. 364], notice of the Motion was properly limited to the Notice Parties (as defined therein) and no other or further notice is necessary.

D. On August 19, 2022, the Debtor filed a voluntary chapter 11 petition before this Court.

E. On January 18, 2024, this Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on Final Basis and (II) Confirming Barclays Bank PLC'S Chapter 11 Liquidating Plan for the Debtor* [Docket No. 356] (the "Confirmation Order"), confirming the *Liquidating Plan for the Debtor Filed by Barclays Bank PLC* [Docket No. 207]

2

(the "Confirmed Plan") and appointing David Wallace as the chapter 11 plan administrator (the "Plan Administrator") for the Debtor.

F. Pursuant to the Confirmation Order, the Court authorized, *inter alia*, the Plan Administrator, on behalf of the Debtor's estate, to: (i) employ a broker to market the Assets (as defined in the Motion) for a period of up to 120 days after the Effective Date (as defined in the Confirmed Plan) (the "Marketing Period"); and (ii) enter into a purchase and sale agreement for the sale of the Assets (the "Sale"), subject to higher and better offers.

G. On March 4, 2025, the Court entered an order [Docket No. 356] authorizing the Plan Administrator to retain Eastdil Secured, LLC (the "Broker") as real estate broker for the Debtor and to market the Assets.

H. The Plan Administrator and the Broker marketed the Assets during the Marketing Period and Extended Marketing Period (as defined in the Confirmed Plan). The Plan Administrator, in the proper exercise of his business judgment, determined that Mazal Echad LLC's ("Mazel" or "Stalking Horse") offer was the highest and best offer for the Assets, and the Sale is in the best interest of the Debtor, its estate, and its creditors.

I. After filing the Motion, the Plan Administrator received no higher and better offer than the offer from Mazal.

J. The Court finds that: (i) the requirements of Bankruptcy Code sections 363(b) and (f) have been satisfied, and the Sale of the Assets to Mazal shall be free and clear of all liens, claims and encumbrances, with all existing liens, claims and encumbrances attaching to the proceeds of such sale in the same priority as already exists; (ii) Mazal is a good faith purchaser entitled to the protections of Bankruptcy Code section 363(m); and (iii) the assignment of the Assigned Contracts and Leases should be approved.

3

K.      Based upon the foregoing findings and conclusions, the Motion, the Parker Decl. (as defined in the Motion) and the record before the Court with respect to the Motion, and good and sufficient cause appearing it is therefore,

**ORDERED THAT**:

1.      **Granting of Motion**.  The Motion is granted as provided herein.

2.      **Approval of the Sale**.  The Sale of the Assets to Mazal, pursuant to the terms of the purchase and sale agreement (the "PSA") attached as Exhibit B to the Motion is approved.  The Plan Administrator is authorized and empowered to carry out all the provisions of the PSA and to execute and deliver such documents and instruments and perform such acts as are necessary or appropriate to consummate the Sale pursuant to the terms of the PSA.

3.      **Good Faith Purchaser**.  Mazal is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and entitled to all of the protections provided under Bankruptcy Code section 363(m).

4.      **Modifications and Amendments**.  The PSA and any ancillary documentation in connection with the closing of the Sale of the Assets to Mazal may be modified, amended or supplemented in a writing signed by the parties thereto without further order of the Court; *provided that* such modification, amendment or supplement (i) does not have a material adverse effect on the Debtor's estate or its creditors, and (ii) has been consented to in writing by Mazal and the Secured Lender (as defined in the Motion).

5.      **Free and Clear of Liens**.  The Plan Administrator is authorized to transfer the Assets to Mazal at the Closing Date (as defined in the Motion), and such transfer shall constitute a legal, valid, binding and effective transfer of the Assets and shall vest Mazal with title to the Assets free and clear of all liens, claims and encumbrances.  Upon the Closing Date of the Sale of

4

the Assets, this Order shall: (i) be an absolute, outright and unconditional conveyance by the Debtor of all of its right, title and interest therein; (ii) be a legal, valid and effective transfer of the Assets; and (iii) vest in Mazal or its permitted assignee with good title to the Assets free and clear of all liens, claims and encumbrances.

6. **Assignment of Ground Lease**. The assignment of the Debtor's interest in the Ground Lease, as such term is defined in the PSA, to Mazal, is hereby approved.

7. **Release of Liens**. Upon the Closing Date of the Sale, any and all liens, claims and encumbrances against the Assets shall be deemed released as a matter of law. Upon the written request of the Plan Administrator, a person or entity holding a lien, claim or encumbrance against the Assets shall execute and deliver to the Plan Administrator a written release of such lien, claim or encumbrance for filing with the appropriate governmental authority. If any person or entity that has filed one or more mortgages, mechanic's liens, lis pendens, financing statements, or other documents or agreements evidencing liens or encumbrances against the Assets shall not have delivered to the Plan Administrator prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or any other forms of release of liens, claims, or lis pendens which the person or entity has with respect to the Assets, then Mazal or its assignee is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets.

8. **Recording of Order**. The Plan Administrator, Mazal, or their assignee is authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims and interests in the Assets of any kind or nature whatsoever. This Order is and shall be effective as a determination that all liens, claim, lis pendens and interests shall be, and are, without

5

further action, released with respect to the Assets as of the Closing Date. The appropriate state and/or local governmental officials are hereby directed, upon the presentation of a copy of this Order, to terminate the filings evidencing any mortgages, liens or security interests against the Assets. In the event that a state or local government official cannot readily determine whether it is appropriate to release such security interest, the Plan Administrator, Mazal or its assignee may bring the matter before this Court for determination and this Court expressly retains jurisdiction to resolve any such question or dispute and to enforce the foregoing directions.

9. **Valid and Binding Agreement**. The execution and delivery of a deed to the Assets by the Debtor to Mazal as required under this Order and/or the PSA is valid, enforceable and binding on Mazal or any assignee thereof, the Debtor, its estate, all creditors of the Debtor, the holders of the membership interest in the Debtor, the Plan Administrator, and any holders of mortgages, liens or other interests in, against or on the Assets.

10. **Payment Of Claims.** Upon the closing of the Sale of the Assets, the Plan Administrator is authorized and directed, in accordance with the Confirmed Plan and without further order from this Court, to pay the proceeds of the Sale to creditors on account of their claims.

11. **Authority To Take Actions**. The Plan Administrator is authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order and to expend such sums of money and do other things as may be necessary and appropriate to comply with the requirements established by this Order.

12. **Bulk Transfer Laws**. The Sale shall be conducted without the necessity of complying with any state or local bulk transfer laws or requirements.

13. **Tax Exemption**. The Sale shall be exempt from New York State and New York City recording taxes, transfer taxes, and stamp taxes pursuant to section 1146 of the Bankruptcy

Code.

14. **Waiver Of Any Stay**. Any stay of this Order, whether arising from Bankruptcy Rules 6004 and/or 6006 or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15. **Survival**.  This Order and the PSA shall survive any conversion, dismissal or any other concussion of the Debtor's chapter 11 case.

16. **Retention of Jurisdiction**.  This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2025
       White Plains, New York

                                                              Honorable Sean H. Lane
                                                              United States Bankruptcy Judge